UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT LENOX,

    Plaintiff,

                              CASE NO.:

vs.

SIMON'S LAWN CARE, INC., a
Florida Profit Corporation;
A.J. SIMON, Individually,

    Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ROBERT LENOX ("Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendants, SIMON'S LAWN CARE, INC., a Florida Profit Corporation, and A.J. SIMON ("SIMON"), individually, (collectively "Defendants") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain a judgment against Defendants as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

### PARTIES

3. At all times material to this action, Plaintiff was a resident of Lee County, Florida.

1

4. At all times material to this action, Defendant SIMON'S LAWN CARE, INC. was, and continues to be, a Florida Profit Corporation, and continues to be engaged in business in Florida, doing business in Lee County.

5. Upon information and belief, at all times material to this action, Defendant SIMON, was and continues to be a resident of Lee County, Florida.

6. At all times material to this action, Defendant SIMON was an individual resident of the State of Florida, who owned and/or operated SIMON'S LAWN CARE, INC. and who regularly exercised the authority to (a) hire and fire employees, (b) determine the work schedules for the employees, and (c) control the finances and operations of SIMON'S LAWN CARE, INC.

7. By virtue of having held and/or exercised the authority to: (a) hire and fire employees of SIMON'S LAWN CARE, INC.; (b) determine the work schedules for the employees of SIMON'S LAWN CARE, INC.; and (c) control the finances and operations of SIMON'S LAWN CARE, INC., Defendant, SIMON, is an employer as defined by 29 U.S.C. §201 *et. seq.*

8. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

9. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

10. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

11. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

12. At all times material to this action, SIMON'S LAWN CARE, INC. was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendant SIMON'S LAWN CARE, INC. was in excess of $500,000.00 per annum during the three years preceding the filing of this Complaint.

14. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as, vehicles, power tools, and other lawn care equipment manufactured out of state or overseas.

15. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

16. From approximately May 1, 2014 to October 17, 2015, Defendants first hired Plaintiff as an hourly paid nonexempt employee to perform maintenance duties and the in June 2015, employed Plaintiff as plumber.

17. Plaintiff's job duties in maintenance included plumbing, painting and drywall and then only plumbing for Defendant's apartment complex.

18. In all, or nearly all, of his weeks of employment with Defendants, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

19. From the beginning of his employment to the present, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

20. Until June 15, 2016, Plaintiff was paid straight time for all hours over 40 in cash to a maximum of $100. After June 15, 2016, Plaintiff was not paid any overtime premium for his overtime hours.

21. Plaintiff should be compensated at the rate of one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per workweek, as required by the FLSA.

22. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

23. Defendants have violated Title 29 U.S.C. § 207 from at least May 1, 2014 to October 17, 2015, in that:

    A. Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants;

    B. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours per workweek; and

    C. Defendants have failed to maintain proper time records as mandated by the FLSA.

24. Upon information and belief, Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

25. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

26. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

27. Plaintiff re-alleges paragraphs 1 through 26 of the Complaint, as if fully set forth herein.

28. From the beginning of his employment to the present, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

29. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

30. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

31. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

32. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

33. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests: (a) a judgment entered in his favor and against Defendant for actual and liquidated damages; (b) a declaration that Defendant's conduct violated the FLSA; and (c) costs, expenses and attorneys' fees and such other relief deemed proper by

this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this __1st__ day of November, 2016.

                                             Respectfully submitted,

                                             _/s/ Angeli Murthy_

                                             Angeli Murthy, Esquire
                                             FL Bar No.: 088758
                                             MORGAN & MORGAN, P.A.
                                             600 N. Pine Island Road
                                             Suite 400
                                             Plantation, FL 33324
                                             Tel: 954-318-0268
                                             Fax: 954-327-3016
                                             E-mail: Amurthy@forthepeople.com

                                             _Trial Counsel for Plaintiff_