# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND
## RELEASE OF ALL WAGE RELATED CLAIMS

**THIS SETTLEMENT AGREEMENT AND RELEASE** (hereinafter referred to as "the Agreement"), is made by and between Plaintiff, ROBERT LENOX ("PLAINTIFF") and Defendants, SIMON'S LAWN CARE, INC. ("DEFENDANT"), and A. J. SIMON ("SIMON"), an Individual, (collectively referred to in this Agreement as "DEFENDANTS").

**WHEREAS**, PLAINTIFF alleged that he was employed by Defendants from approximately May 1, 2014, to October 17, 2015;

**WHEREAS**, Plaintiff filed a lawsuit against Defendants styled *Robert Lenox v. Simon's Lawn Care, Inc. and A.J. Simon*, Case No. 2:16-cv-00829 ("the Lawsuit");

**WHEREAS**, Plaintiff claims in the Lawsuit that Defendants violated 29 U.S.C. § 207 by failing to properly compensate Plaintiff for overtime;

**WHEREAS**, Defendants have denied any and all liability for any claim or cause of action which Plaintiff has or may have;

**WHEREAS**, Plaintiff understands that the risks and potential rewards of proceeding with litigation, and prefers the immediate and certain outcome negotiated by his counsel in this Settlement Agreement to the possibility of protracted litigation, and the uncertainty of whether a jury would award him less or more than the amount negotiated herein; and

**WHEREAS**, the parties hereto desire to settle all claims, disputes, charges and causes of action that any party may have against the other which arose or may have arisen prior to the date of execution of this Agreement.

**NOW, KNOW ALL PERSONS BY THOSE PRESENT** that in consideration of the mutual covenants to be performed by all of the parties hereto, and set forth in their entirety herein, the parties to this Agreement agree as follows:

1. <u>Definitions.</u> Unless as otherwise specified herein, when used in this Agreement, "Defendant" shall mean SIMON'S LAWN CARE, INC. and all other related companies, partnerships, and joint ventures, together with their officers, employees, former employees, agents, representatives, predecessors, successors and leasing/payroll companies. "Defendants" shall mean all entities encompassed within the term "Defendant", as well as A.J. SIMON. When used in this Agreement, "Plaintiff" shall mean ROBERT LENOX, as well as his heirs, representatives, successors, and assigns.

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

   A. To settle and release any and all claims for unpaid wages which Plaintiff has against Defendants which arose or may have arisen prior to the date of execution of this Agreement;

      B.      To agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendants to Plaintiff;

      C.      That Plaintiff accepts the amounts set forth below as full compensation for any unpaid wages he is owed for the period of his employment with Defendant as well as a compromise of Plaintiff's claim against Defendants for alleged violations of 29 U.S.C. § 207;

      D.      That the below-referenced amount paid by Defendants represent a sum to which Plaintiff would not be entitled absent this Agreement; and

      E.      To file a joint motion for approval of this Settlement Agreement in the Lawsuit, and in that motion to seek dismissal of the Lawsuit with prejudice.

3.      For and in consideration of the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendants agree to pay Plaintiff the total consideration of Four Thousand Dollars ($4,000). Of the settlement proceeds, Plaintiff will receive a total of Three Thousand Dollars ($3,000) representing wages, an equal amount as liquidated damages, and the compromise of Plaintiff's claims for overtime compensation. Plaintiff's counsel will receive One Thousand Dollars ($1,000) representing attorneys' fees and costs incurred on Plaintiff's behalf. ***Plaintiff specifically is aware of, and agrees with, the amount of attorneys' fees and costs to be paid to his counsel for representing his interests in this matter.***

Under this Agreement, each payment shall be made as follows:

      A.      One check payable to **ROBERT LENOX** in the amount of Three Thousand Dollars ($3,000.00), no withholdings, for which a 1099 tax form will be issued, reporting the amount as "other income," and

      B.      One check payable to **MORGAN & MORGAN, P.A.** in the amount of One Thousand Dollars ($1,000.00) for attorneys' fees and costs, for which a 1099 tax form will be issued.

4.      Defendants agree that the payments described in paragraph 3 will be delivered to Plaintiff by delivering same to Plaintiff's counsel, Angeli Murthy, Esquire, at 600 N. Pine Island Rd., Suite 400, Plantation FL 33324, such that the payment is **received on or before January 9, 2017**.

5.      The parties will also be filing a Notice of Settlement With Compromise and a motion for Approval of the Agreement and Dismissal with Prejudice. Plaintiff's counsel agrees to hold the attorney fees' check and to not release same until the Court grants dismissal of the action.

6. In exchange for Defendants' payment of the above sum, Plaintiff hereby waives, releases, acquits, remises, and forever discharges Defendants from all claims, damages, wages, liquidated damages, losses, demands, liabilities, equities, costs, and attorneys' fees, arising on or before the effective date of this Agreement based on any action or cause of action asserted or which could have been asserted under the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq., or the Florida Constitution with respect to any claims for unpaid wages. Plaintiff further releases any and all claims for past wages, whether by contract, state law, federal law or common law. The effective date of this release provision shall be the date that the settlement payment above is made.

7. Plaintiff agrees not to disclose the terms of this Agreement or the fact that he had a case which was settled, to any person other than his respective attorney(s) or tax advisor(s), or as otherwise necessary to effectuate the terms of this Agreement, or as otherwise required by law. Plaintiff further agrees not to discuss his alleged claims or this case any further to any person or agency. Upon inquiry by any person about the status of Plaintiff's case, the parties and their representatives shall simply state words to the effect of: *"the matter has been amicably resolved."*

8. In the event that Plaintiff or Defendants commence an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

9. Plaintiff and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

10. This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

11. This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendants. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and an authorized representative of Defendants.

12. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

13. The law governing this Agreement shall be that of the United States and the State of Florida. Any dispute arising out of this Agreement shall be venued exclusively within the appropriate state or federal court located in Lee County, Florida.

**IN WITNESS WHEREOF**, the parties hereto set their hands and seals.

**WHEREFORE**, Defendants agree that they have read all of the foregoing, understands the same and agrees to all the provisions contained herein; and

**WHEREFORE**, Plaintiff agrees that he has read and fully understands the contents and the final and binding effect of this Agreement and that he has been fully advised of his right to consult with legal counsel concerning the terms and provisions of this Agreement, and his right to take the time he requires to examine this Agreement. Plaintiff further agrees that he has signed this Agreement knowingly and voluntarily, and after consulting with his legal counsel.

Date Signed: 1/6/2017

ROBERT LENOX

Date Signed: _____

A.J. SIMON

Date Signed: _____

SIMON'S LAWN CARE, INC.
BY: A.J. SIMON

-4-

- 4 -

13. The law governing this Agreement shall be that of the United States and the State of Florida. Any dispute arising out of this Agreement shall be venued exclusively within the appropriate state or federal court located in Lee County, Florida.

**IN WITNESS WHEREOF**, the parties hereto set their hands and seals.

**WHEREFORE**, Defendants agree that they have read all of the foregoing, understands the same and agrees to all the provisions contained herein; and

**WHEREFORE**, Plaintiff agrees that he has read and fully understands the contents and the final and binding effect of this Agreement and that he has been fully advised of his right to consult with legal counsel concerning the terms and provisions of this Agreement, and his right to take the time he requires to examine this Agreement. Plaintiff further agrees that he has signed this Agreement knowingly and voluntarily, and after consulting with his legal counsel.

Date Signed:_____

ROBERT LENOX

Date Signed: 1/5/17

A.J. SIMON

Date Signed: 1/5/17

SIMON'S LAWN CARE, INC.
BY: A.J. SIMON