UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT LENOX,

    Plaintiff,

v.                                          Case No:   2:16-cv-829-FtM-99CM

SIMON'S LAWN CARE, INC. and
A.J. SIMON,

    Defendants.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Plaintiff's Notice of Compliance (Doc 19) filed on January 31, 2017. On January 11, 2017, the parties filed the Joint Motion to Approve Settlement Agreement and for Dismissal with Prejudice, seeking the Court's review of the parties' settlement agreement (Doc. 17-1). Doc. 17. The Court denied without prejudice their joint motion because their settlement agreement (Doc. 17-1) included a confidentiality provision. Doc. 25 at 4. The Court directed the parties to file an amended settlement agreement that complies with the Court's Order. *Id.* Accordingly, Plaintiff filed the Notice along with a copy of the amended settlement agreement for the Court's review. Doc. 19-1. Plaintiff

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

alleges that the amended agreement (Doc. 19-1) complies with the Court's Order (Doc. 18). Doc. 19 at 1.

To approve the settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Plaintiff Robert Lenox brought this action against Defendants A.J. Simon ("Simon") and Simon's Lawn Care, Inc. ("Simon's Lawn Care") (collectively "Defendants"), for recovery of overtime compensation under the FLSA. Doc. 1. Simon's Lawn Care is a corporation engaged in business in Florida. *Id.* ¶¶ 4, 12. Simon owned and operated Simon's Lawn Care and exercised the authority to hire and fire Simon's Lawn Care employees and determine the employees' work schedules. *Id.* ¶ 6.

The Complaint alleges that Defendants hired Plaintiff as an hourly-paid nonexempt employee to perform maintenance duties from May 1, 2014 to October 17, 2015 and to work as a plumber since June 2015. *Id.* ¶ 16. Plaintiff alleges he was paid a straight time rate in cash to a maximum of $100.00 for all hours worked over forty hours until June 15, 2016, and was not paid any overtime premium for overtime hours after June 15, 2016. *Id.* ¶ 20.

Plaintiff had calculated the amount owed to him as $8,000.00 in unpaid wages and liquidated damages. Doc. 17 at 4. As a reasonable compromise of the disputed issues, Defendants have agreed to pay Plaintiff $3,000.00 for unpaid wages and liquidated damages. *Id.* at 2. Additionally, Defendant has agreed to pay $1,000.00 for attorney's fees and costs. *Id.*

Plaintiff agreed to accept less than the amount originally claimed because of the burden to prove the unpaid time worked, the uncertainty of the litigation's outcome, and the potential to deplete the Plaintiff's resources in pursuing this case. *Id.* at 4-5. The parties state that having engaged in settlement negotiations they have

agreed that the proposed settlement is fair and reasonable. *Id.* at 5. Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends the proposed compromised amount is a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation. See e.g., *Diaz v. Mattress One, Inc.*, No. 6:10–cv–1302–Orl–22DAB, 2011 WL 3167248 (M.D. Fla. July 15, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14–cv–63–Orl–28GJK, 2014 WL 2861483 (M.D. Fla. June 24, 2014).

As part of the settlement, Defendants agree to pay Plaintiff's attorney fees and costs in the amount of $1,000.00. Doc 17 at 2. The parties assert that the amount of attorneys' fees was negotiated separately from Plaintiff's recovery and did not affect Plaintiff's recovery. *Id.* at 5. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that

>  the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorney fees were agreed upon separately and without regard to the amount paid to Plaintiff.

The last remaining issue is the confidentiality provision contained in the parties' first settlement agreement. Doc. 17-1 ¶ 7. As stated in the previous Order, "a confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the 'private-public' rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010)). In compliance with the Order, the parties removed the confidentiality provision from their amended settlement agreement. Doc. 19-1. Thus, having reviewed the settlement agreement (Doc. 19-1), the Court recommends that the proposed terms of the amended settlement agreement to be a fair and reasonable compromise of the dispute.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The Settlement Agreement and Release of All Wages Related Claims (Doc. 19-1) be approved by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiff.

   **DONE** and **ENTERED** in Fort Myers, Florida on this 23rd day of February, 2017.

                                   CAROL MIRANDO
                                   United States Magistrate Judge


Copies:

The Honorable John E. Steele
Counsel of record